J.S23032/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE NORRIS, | : | |
| | : | |
| Appellant | : | |
| | : | No. 2512 EDA 2015 |

Appeal from the PCRA Order July 14, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0618592-1975

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　　**FILED MARCH 17, 2016**

Appellant, Bruce Norris, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his Post Conviction Relief Act[1] ("PCRA") petition based upon Counsel's ***Finley***[2] letter and untimeliness. Appellant claims that the petition was timely under the PCRA's "newly recognized constitutional right" exception in 42 Pa.C.S. § 9545(b)(1)(iii), following the decisions of the United States Supreme Court in ***Lafler v. Cooper***, 132 S. Ct. 1376 (2012), and ***Missouri v. Frye***, 132 S. Ct. 1399 (2012). He avers that he filed his *pro se* PCRA petition within sixty

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*); ***see also Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988).

days of March 21, 2012, the date the Supreme Court rendered its decisions in **Lafler** and **Frye**. We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion.[3] **See** PCRA Ct. Op., 8/28/15, at 1-3. Appellant timely appealed from the order dismissing the instant petition.[4]

Appellant raises the following issue in his *pro se* brief:

> Was Appellant deprived of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States and article I, Section 9 of the Pennsylvania Constitution when his trial counsel failed to advise him fully regarding an offer from the Commonwealth that would have allowed him to plead guilty in exchange for a sentence of 25 years?

Appellant's Brief at 3.

This Court has stated:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.
>
> *        *        *

---

[3] We note that the reconstructed certified record in the case *sub judice* only contains documents related to the instant PCRA petition. The docket indicates that the *pro se* PCRA petition was filed on April 18, 2012. It is not contained in the certified record. Given our disposition, this is of no moment.

[4] The PCRA court did not issue a Pa.R.A.P. 1925(b) order.

The PCRA time limitations, and exceptions thereto, are set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). That section states:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

To invoke one of these exceptions, the petitioner must plead it and satisfy the burden of proof. Additionally, any exception must be raised within sixty days of the date that the claim could have been presented. 42 Pa.C.S.A § 9545(b)(2). Our Supreme Court "has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions."

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-75 (Pa. Super. 2013)

(some citations omitted). "[A] judgment becomes final at the conclusion of

direct review, including discretionary review in . . . Supreme Court of

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant filed the instant serial PCRA petition on April 18, 2012, thus it is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, we determine whether, as averred by Appellant, any timeliness exception applies in this case.

The PCRA court court concluded that the decisions of the United States Supreme Court in *Lafler* and *Frye* did not create a new constitutional right to overcome the time-bar. *See* PCRA Ct. Op. at 6. The *Feliciano* Court considered this precise issue as follows:

> "The right to effective assistance of counsel during the plea bargaining process has been recognized for decades." *Commonwealth v. Lewis*, 63 A.3d 1274, 1280 (Pa. Super. 2013) (citing *Hill v. Lockhart*, [ ] 106 S. Ct. 366, [ ] (1985) (holding that "the two-part *Strickland* [*v. Washington*], [ ] 104 S. Ct. 2052 [ ][(1984)], test applies to challenges to guilty pleas based on the ineffective assistance of counsel"); *Padilla v. Kentucky*, [ ] 130 S. Ct. 1473 [ ] (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.")). In *Frye*, the United State Supreme Court merely clarified that this well-established right "**extends** to the negotiation and consideration of plea offers that lapse or are rejected." *Frye*, 132 S. Ct. at 1404 (emphasis added). In other words, the *Frye* Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. In determining whether counsel has satisfied this obligation, the two-part test set forth in *Strickland* applies. *See id.* at 1409. In *Lafler*, the Court explained that to meet the prejudice prong of the *Strickland* test where the alleged

> ineffectiveness of counsel involves the defendant's rejection of a plea offer, the defendant must show,
>
> > that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.
>
> *Lafler*, 132 S. Ct. at 1385.
>
> > **It is apparent that neither *Frye* nor *Lafler* created a new constitutional right**. Instead, these decisions simply applied the Sixth Amendment right to counsel, and the ***Strickland*** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment.

*Feliciano*, 69 A.3d at 1276-77 (some emphasis added and footnotes omitted).

As neither *Lafler* nor *Frye* created a new constitutional right, Appellant's argument that those decisions provided a time-bar exception under Section 9545(b)(1)(iii) is meritless. *See id.* at 1277. We find that this issue has been settled by our decision in *Feliciano*, and thus detect no basis upon which to conclude that the PCRA court erred in dismissing the instant petition as untimely. Thus, we affirm the PCRA court's order dismissing the PCRA petition as untimely.

Order affirmed.

J.S23032/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH : CP-51-CR-~~0018592-1975~~

0618592- 1975

: FILED


CP-51-CR-0618592-1975 Comm. v. Norris, Bruce
Opinion

vs. 7338282761

AUG 2 8 2015

Criminal Appeals Unit
First Judicial District of PA

BRUCE NORRIS :

SUPERIOR COURT
2512 EDA 2014

BRINKLEY, J. AUGUST 28, 2015

## OPINION

Defendant Bruce Norris filed a petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 et seq. (eff. Jan. 16, 1996), raising a claim of ineffective assistance of counsel based upon the retroactive application of a constitutional right. After independent review of Defendant's *pro se* PCRA petition and PCRA counsel's Finley letter, this Court dismissed Defendant's petition without a hearing based upon Counsel's Finley letter and untimeliness. Defendant appealed the dismissal of his petition to the Superior Court. The sole issue addressed in this Opinion is whether this Court properly dismissed Defendant's petition based upon Counsel's Finley letter and untimeliness. This Court's decision should be affirmed.

## PROCEDURAL HISTORY AND FACTS

On June 30, 1975, Defendant was arrested and charged with murder and related offenses. On October 31, 1975, following a jury trial, Defendant was found guilty of second-degree murder, robbery, criminal conspiracy, possessing instruments of crime (PIC), and possessing prohibited weapons. On January 19, 1976, the Honorable Alex Bonavitacola sentenced

1

Defendant to life imprisonment on the murder charge, 5 to 10 years state incarceration on the robbery charge, and 5 to 10 years state incarceration on the conspiracy charge. The sentences on all charges were to run consecutively to one another. In addition, Judge Bonavitacola further sentenced Defendant to 2½ to 5 years state incarceration on "the remaining count", to run concurrently with the sentences on the other charges, although he did not specify which of Defendant's two remaining charges this sentence applied to.

On November 6, 1975, Defendant filed a motion for a new trial. On February 17, 1976, Defendant filed an appeal with the Supreme Court of Pennsylvania. On December 1, 1977, the Supreme Court affirmed the judgment of sentence. On June 2, 1978, Defendant filed a petition for relief pursuant to the Post-Conviction Hearing Act (PCHA), alleging ineffective assistance of counsel based upon trial counsel's failure to obtain the statement of Defendant's co-defendant, to object to the Commonwealth Attorney's improper argument, to cross-examine the co-defendant as to bias and credibility, to cross-examine a witness based upon their inability to identify Defendant at a previous lineup, and to raise these issues on appeal. On September 23, 1981, the PCHA Court found Defendant's petition to be without merit. Defendant appealed the dismissal of his petition to the Superior Court and, on October 1, 1982, the Superior Court affirmed the dismissal of Defendant's petition.

On April 18, 2012, Defendant filed the instant petition for relief pursuant to the Post-Conviction Relief Act (PCRA), alleging ineffective assistance of counsel based upon trial counsel's advising him to reject the Commonwealth's plea offer of 25 years state incarceration without first advising Defendant of the advantages and disadvantages of accepting the offer. On April 9, 2014, Barnaby Wittels, Esquire, was appointed as PCRA counsel. On February 25, 2015, Mr. Wittels filed a Finley letter stating that the issues raised in Defendant's petition were

2

untimely, waived, and without merit. On June 12, 2015, this Court[1] sent Defendant a notice pursuant to Rule 907, indicating that his petition would be dismissed based upon Counsel's Finley letter and untimeliness. Defendant did not file a response to the 907 notice. On July 15, 2015, after independent review of Defendant's *pro se* petition and Counsel's Finley letter, this Court dismissed Defendant's petition without a hearing based upon Counsel's Finley letter and untimeliness. On August 13, 2015, Defendant appealed the dismissal of his petition to the Superior Court.

## ISSUE

I. **WHETHER THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION BASED UPON COUNSEL'S FINLEY LETTER AND UNTIMELINESS.**

## DISCUSSION

I. **THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION BASED UPON COUNSEL'S FINLEY LETTER AND UNTIMELINESS.**

This Court properly dismissed Defendant's petition based upon Counsel's Finley letter and untimeliness. When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

---

[1] On March 13, 2015, Defendant's PCRA petition was reassigned to this Court.

3

It is well-settled in Pennsylvania that all petitions under the PCRA, including subsequent petitions, must be filed within one year of the date the judgment becomes final, unless the petition alleges, and the petitioner proves, an exception to the one-year time period. Commonwealth v. Albrecht, 606 Pa. 64, 994 A.2d 1091, 1094 (2010) (citing Commonwealth v. Hawkins, 598 Pa. 85, 953 A.2d 1248, 1252 (2008)). The exceptions apply where the petition successfully alleges and proves one or more of the following:

(i) the failure to raise this claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii). A petition invoking one of these exceptions must be filed within 60 days of the date the claim could first have been presented. 42 Pa. C.S.A. § 9545(b)(2). The petitioner must plead and prove specific facts that demonstrate his claim was raised within the 60 day time frame. Commonwealth v. Hernandez, 79 A.3d 649, 651-52 (2013).

The PCRA's timeliness requirements are jurisdictional in nature. Commonwealth v. Johnston, 2012 PA Super 67, 42 A.3d 1120, 1130 (2012) (citing Commonwealth v. Abu-Jamal, 596 Pa. 219, 941 A.2d 1263, 1267-68 (2008)). The time "limitations are mandatory and are interpreted literally; thus, a court has no authority to extend filing periods except as statute permits." Commonwealth v. Seskey, 2014 PA Super 27, 86 A.3d 237, 242 (2014) (quoting Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214, 223 (1999)). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without hearing because Pennsylvania courts are without jurisdiction to consider the merits of

4

the petition." Id. (quoting Commonwealth v. Jackson, 30 A.3d 516, 518-19 (Pa. Super. 2011); Commonwealth v. Perrin, 947 A.2d 1284, 1285 (2008)).

Counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and the burden to show that counsel's performance was deficient rests squarely on the defendant. Commonwealth v. Reyes-Rodriguez, 2015 PA Super 47, 111 A.3d 775, 780 (2015) (quoting Burt v. Titlow, --- U.S. ---, 134 S.Ct. 10, 17 (2013)). To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. Commonwealth v. Freeland, 2014 PA Super 274, 106 A.3d 768, 775 (2014) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987)). A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Id. (citing 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel's assistance is deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)).

The decision whether to plead guilty or contest a criminal charge is probably the most important single decision in any criminal case. Commonwealth v. Chazin, 2005 PA Super 143,

5

873 A.2d 732, 735 (2005) (citing Commonwealth v. Copeland, 381 Pa.Super. 382, 554 A.2d 54, 60 (1988)). This decision must finally be left to the client's wishes; counsel cannot plead a man guilty, or not guilty, against his will. Id. But counsel may and must give the client the benefit of his professional advice on this crucial decision, and often he can protect the client adequately only by using a considerable amount of persuasion to convince the client that one course or the other is in the client's best interest. Id. In order to be entitled to relief, defendant will have the burden of proving that: (1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby. Id.

In the case at bar, Defendant's judgment became final on March 1, 1978, when his time to file a petition for a writ of certiorari with the United States Supreme Court expired. Consequently, Defendant had until March 1, 1979 to file a timely petition pursuant to the PCRA. Defendant filed the instant petition on April 18, 2012, more than 33 years after the deadline to file a timely petition had passed. To escape the time-bar, Defendant alleged the retroactive application of a constitutional right exception based upon the United States Supreme Court's holdings in Lafler v. Cooper and Missouri v. Frye, both decided on March 21, 2012, in which the Court held that counsel may be ineffective by failing to explain the advantages and disadvantages of accepting an offered plea deal. See Lafler v. Cooper, --- U.S. ---, 132 S.Ct. 1376 (2012); see also Missouri v. Frye, --- U.S. ---, 132 S.Ct. 1399 (2012).

However, Defendant's reliance on Lafler and Frye to avoid the time-bar is misplaced. Contrary to Defendant's claims, neither case announced a new constitutional right in Pennsylvania which would allow Defendant to avoid the time-bar. To the contrary, Defendant's own memorandum of law in support of his *pro se* petition cites to a 1978 Superior Court case,

6

Commonwealth v. Napper, in which that Court held that counsel had a duty not only to communicate the terms of an offer to his or her client but to also discuss the relative merits of the offer compared to the defendant's chances at trial. *See* Commonwealth v. Napper, 254 Pa.Super. 54, 385 A.2d 521,524 (1978). Furthermore, on January 23, 1997, the Supreme Court of Pennsylvania held, in Commonwealth v. Boyd, that the failure of trial counsel to explain the advantages and disadvantages of a plea offer prior to advising the defendant to decline the offer was cognizable as ineffective assistance of counsel under §9543(a)(2)(v) of the PCRA. *See* Commonwealth v. Boyd, 547 Pa. 111, 688 A.2d 1172, 1174-75 (1997). Moreover, in Commonwealth ex rel. Dadario v. Goldberg, the Supreme Court held, on June 19, 2001, that claims of ineffective assistance of counsel during the plea bargaining stage were cognizable under §9543(a)(2)(ii) of the PCRA, following the repeal of §9543(a)(2)(v). *See* Commonwealth ex rel. Dadario v. Goldberg, 565 Pa. 280, 773 A.2d 126, 131 (2001). While Defendant should have filed his petition in 1978 or 1997, even under the most generous standard, Defendant had until August 18, 2001, 60 days from the Supreme Court's decision in Commonwealth ex rel. Dadario v. Goldberg, to file a timely PCRA petition alleging ineffective assistance of counsel during the plea bargaining process. As Defendant did not file the instant petition until April 18, 2012, it is consequently untimely.

Even if Lafler and Frye did provide a means for Defendant to avoid the time-bar, his petition is still without merit and waived. Defendant has failed to offer any evidence that the Commonwealth offered him the claimed plea deal of 25 years state incarceration or that trial counsel failed to discuss the advantages and disadvantages of the offer prior to advising Defendant to decline the offer. To the contrary, the strength of the Commonwealth's case against Defendant, including multiple witnesses who saw Defendant shoot the decedent and Defendant's

7

own statement to the police in which he admitted to shooting the decedent, makes it unlikely that the Commonwealth would have offered him a plea deal of 25 years incarceration when he was facing a sentence of life imprisonment. Moreover, Defendant attached an affidavit to his *pro se* petition that he was aware that an offer had been made, was counseled to reject it, and was never told that he could receive a harsher sentence. However, once he received a life sentence, he was fully aware that this was greater than a 25-year sentence and could have raised this issue on direct appeal. However, he failed to do so, thereby waiving this claim of ineffectiveness. Furthermore, Defendant waited more than three decades to raise these claims, long after the 1999 death of his trial counsel, Stanley Stern, Esquire, the retirement of his first PCHA attorney, Henry Wessel, and removal from the bar of his second PCHA attorney. Those events notwithstanding, no benefit accrues to this defendant by such delay, as defendant himself gave an inculpatory statement, actually admitting to being the shooter, and did so in the presence of numerous witnesses, negating the likelihood that any such offer would have been made by the Commonwealth in the first place. Thus, even if Defendant's petition was timely, his claims therein are nevertheless without merit and no relief is due. Accordingly, this Court properly dismissed Defendant's petition based upon PCRA counsel's Finley letter and untimeliness.

8

## CONCLUSION

After review of the applicable case law, testimony and statutes, this Court committed no error. Defendant's PCRA petition was properly dismissed based upon PCRA counsel's Finley letter and untimeliness. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

_____
J.

9